[Civil No. 869.   Filed March 30, 1905.]

[80 Pac. 327.]

## JOHN HOOPES, Jr., Defendant and Appellant, v. GEORGE D. BRIER, Plaintiff and Appellee.

1. LANDLORD AND TENANT—HOMESTEAD—LIEN ON CROP—REV. STATS. ARIZ. 1901, PAR. 2695, CONSTRUED.—Paragraph 2695, *supra,* providing that every landlord shall have a lien upon the crops grown or growing upon the homestead premises for rent, is explicit in its terms, and a landlord has no lien on crops grown on land which is not a homestead.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellant.

At common law the landlord had no lien on the crops growing or grown on the leased premises, nor had he a right of action against a third party who purchased or received crops from the tenant. Jones on Liens (1888), sec. 540, p. 552; *Reavis* v. *Barnes,* 36 Ark. 575; *Anderson* v. *Bowles,* 44 Ark. 108; *Powell* v. *Dailey,* 163 Ill. 646, 45 N. E. 414; *Hastings* v. *Belknap,* 1 Denio, 190; *Heron* v. *Gill,* 112 Ill. 247.

Landlords' liens and actions against third persons for conversion of crops grown on the leased premises were unknown at common law. Such liens exist and such actions can be maintained only when based upon some special statute creating the lien or conferring the right of action.

*Niefert* v. *Ames,* 26 Kan. 515; *Phillips* v. *Maxwell,* 1 Baxt. 25; *Richardson & Williamson* v. *Blackmore,* 11 Lea, 290; *Davis* v. *Wilson,* 86 Tenn. 519, 589, 8 S. W. 151; *Scully* v. *Porter,* 57 Kan. 322, 46 Pac. 313; *Stadell* v. *Aikens,* 65 Kan. 82, 68 Pac. 1088; *Mathews* v. *Nation,* 69 Mo. App. 327; *Westmoreland* v. *Wooten,* 51 Miss. 825.

Assuming that our statute gives a *general* lien on all crops growing or grown on the leased premises, such a lien does not vest in the landlord such a right of property that will sustain an action against a third party who purchases the property from the tenant. *Frink* v. *Pratt,* 130 Ill. 327, 22 N. E. 819; *Folmer* v. *Copeland,* 57 Ala. 588; *Thompson* v. *Spinks,* 12 Ala. 155; *Corbett* v. *Reynolds,* 68 Ala. 378; *Treadway* v. *Treadway,* 56 Ala. 390; *Broughton* v. *Powell,* 52 Ala. 123; *Blum* v. *Jones,* 51 Ala. 149; *Street* v. *Nelson,* 80 Ala. 230; *Reavis* v. *Barnes,* 36 Ark. 575; *Anderson* v. *Bowles,* 44 Ark. 108; *Worrill* v. *Barnes,* 57 Ga. 404; *Patty* v. *Boyle,* 59 Miss. 491; *Peebles* v. *Sassiter,* 33 N. C. 73; *Webb* v. *Sharp,* 13 Wall. 14, 20 L. Ed. 478; *Hadden* v. *Knickerbocker,* 70 Ill. 677, 22 Am. Rep. 80; *N. P. Ry. Co.* v. *Paine,* 119 U. S. 561, 30 L. Ed. 513, 7 Sup. Ct. 323; *Bryan* v. *Brickholder,* 27 Tenn. 561, 8 Humph. 561.

T. S. Bunch, W. M. Lovell, and J. M. McCollum, for Appellee.

The authorities cited by appellant are not in point. It might just as well be contended that a chattel mortgage, which is only a lien on personal property, could be divested and entirely destroyed by the mortgagor selling mortgaged property to a third person who had actual or constructive notice of the mortgage. No one will contend that such sale will divest the mortgage lien. The court finds that the appellant had legal notice of appellee's lien to secure the payment of the rental sum due at the time he took the hay and converted it to his own use. The appellant, therefore, took the hay subject to appellee's lien for the rent to the full extent of the amount due and unpaid. *Scully* v. *Porter,* 57 Kan. 322, 46 Pac. 313; *Stadell* v. *Aikens,* 65 Kan. 82, 68 Pac. 1088; *Froer* v. *Hammer,* 99 Iowa, 48, 68 N. W. 564; *Blake* v. *Counselman,* 95 Iowa, 219, 63 N. W. 679; *Kennard* v. *Havey,* 80 Ind. 37.

DAVIS, J.—The case at bar involves the question of the extent to which a landlord is given a lien for rent upon the crops of his tenant, under paragraph 2695 of the Revised Statutes of Arizona of 1901. The language of the paragraph is that " . . . Every landlord shall have a lien upon the crops grown or growing upon the homestead premises for rent thereof, whether the same is payable wholly or in part in money or specific articles of property or products of the premises or labor, and also for the faithful performance of the terms of the lease, and such lien shall continue for a period of six months after the expiration of the term for which the premises were leased, and in all cases when the demised premises shall be let or lease assigned, the landlord shall have the same right to force his lien against the special lessor or assignee as he has against the tenant to whom the premises were leased." The appellant contends, and properly raised the question in the lower court, that the lien of the statute is limited in its operation to crops produced or growing on a homestead; while, on the other hand, the appellee maintains, and his recovery was upon the theory, that it was the intention of the legislature, in the aforesaid statute, to create a crop lien in favor of the landlord upon all kinds of leased premises. The statute plainly says, "crops grown or growing upon the homestead." Whatever we may think of the wisdom or policy of limiting this right to owners of homesteads, the legislative intent is so expressed, and we have but to give effect to that intention.

The judgment appealed from is reversed and the cause remanded to the district court for a new trial.

KENT, C. J., and SLOAN, J., concur.